The opinion of the Court was delivered by
Ganct, J.
The law is clear, that words, not actionable in the ease of a common person, may become so, when spoken of another, in relation to the office he fills, or the trade os: profession which he carries on.[1] Thus to say of & person in & judicial office, “he is but a half-eared justice, he will hear but one side,” Masham v. Bridges, Cro. Car. 223; of a person in an office of trust, “that he is a corrupt man;" Moor v. Foster, Cro. Jac. 65; of a clergyman, “he preacheth nothing but lies and, malice in the pulpit,” 3 Lev. 17. 1 Com. Dig. 257; of a physician, “he is no scholar,” 1 Roll. Abr. 54 ; of a lawyer, “he has no more law than Mr. C.’s bull;” of a lime-burner, “he is a cheating knave,” 1 Lev. 115 ; of a tradesman, “he is a pitiful fellow, and not able to *pay his debts,” 1 T. Raymond, 184; of any person who seeks his l'ving by buying and selling, “ he is a corrupt knave, and not worth three half pence ;” all these have been held to be actionable words. From whence it may fairly be inferred, that any words, spoken of a person in relation to his trade or profession, which lead to impair his credit, or charge him with fraud or indirect dealing in his line of business, are actionable.
The general rule is, that words are to be construed according to their obvious meaning and usual acceptation;[2] and it is said, that this mode of construction must be adopted and applied as well to slanderous words spoken of a man having a trade or profession, with reference to his vocation, as to words that relate to his private character only; Backus v. Richardson, 5 Johnson’s Rep. 484.
The declaration in this case contains no averment that, at the time of •publishing the words, there was a colloquium concerning the plaintiff’s trade.[3] Generally speaking, this is essential; but if it appear from the words themselves, that they were published in relation to the trade or profession, then such averment is unnecessary; 6 Bac. Abr. 248, Wils’s. Ed. Salkeld, 694.[4] Now let us apply this reasoning to the case before us. The plaintiff was acting in the capacity and character of a merchant, and gaining a support by buying and selling goods. The defendant said to him, “you have got my money upon your shelves; Yon are a damned rogue.” What are the obvious import and meaning of the words ? Do they not imply most clearly an act of fraud, if not a more flagrant act of dishonesty, committed by tbe plaintiff, in regard to the procurement of his stock of goods? If they were intended to show merely, that it was through the instrumentality of the defendant, that the plaintiff had been enabled to fill his shelves, or in other words, as I understood them, to commence the business of a merchant, then it is not to be presumed, that the words “ d-d rogue,” would have been superadded; those *176 words are pointers to the expression. *Tke former shows the malicious intent, whilst the latter designates the mercantile character of the person addressed ; and altogether clearly show, that the defendant intended to charge the plaintiff with dishonesty, in the very commencement of his professional career. They are levelled at the vocation of the plaintiff as a merchant, The words are calculated to lessen the respect and confidence of the community in the person of whom they are spoken. It is in fact saying, “ he could be capable of establishing himself by dishonest means in the commencement of his profession, and will not be too good to practice trick and design in carrying it on.” Those who might otherwise have been his customers, betake themselves to the dealer of fair reputation, the man whose character is above suspicion ; he meets with encouragement, whilst the other is left to suffer all the evil consequehces resulting from a tarnish and sullied reputation. It is the law alone, its justice and humanity, and the integrity of a jury, which can repair the wrong done, and reinstate the character of the injured individual in the estimation of those around him.
Gregg, for the motion, Stark, Solicitor, contra.
Upon the whole, I am of opinion, that the words are actionable, that the nonsuit should be set aside, and a new trial granted.
Nott, Cheves and Johnson, JJ., concurred.
See Davis v. Ruff, Chev. 19; 1 McM. 19.

 2 N. & JIcC. S3.

 Ante. 2X6.

 See 3 Strob. 455; 6 Iticli. 433.

 3 Tost. 55.

 S. C. 2 vol. 81.